IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KENNETH ANDERSON BROWN and KB RA-EL EXPRESS TRUST,

Plaintiffs,

v.

ANTONY JOHN BLINKEN, *et al.*,
Defendants.

Civil Action No.
1:22-cv-03036-SDG

## OPINION AND ORDER

This matter is before the Court on a frivolity review of Plaintiffs Kenneth Anderson Brown and KB RA-EL EXPRESS TRUST's (together, Plaintiffs) complaint [ECF 11], as well as Plaintiffs' motion for interlocutory appeal [ECF 5]. After careful review of the pleadings and for the following reasons, Plaintiffs' motion for interlocutory appeal [ECF 5] is **DENIED as moot**, and the case is **DISMISSED**.

## I.    Background

Plaintiffs' complaint is long and unclear. As best the Court can ascertain, Plaintiffs essentially allege that Brown is not a citizen of the United States, but rather a Moorish sovereign citizen.[1] Plaintiffs believe Brown's "core rights" were

---

[1]    ECF 11-1, at 2, 15. Throughout this Order, the Court refers to facts as pled in Plaintiffs' fourth complaint, which the Court deems as the operative complaint

sacrificed by his parents at birth without knowing about "equitable maritime defenses" to which he was entitled.[2] As a result, Plaintiffs believe Brown's birth name is a fictitious corporate entity that functions as the KB Ra-El Express Trust (the Trust).[3] Plaintiffs derive many of their beliefs from historical treaties, though those treaties cited do not clearly stand for the propositions Plaintiffs espouse.[4]

On August 1, 2022, Plaintiffs filed a complaint against multiple defendants—many of whom are government officials at the state and federal levels.[5] Plaintiffs then filed an amended complaint on August 17, 2022,[6] a second amended complaint on August 22, 2022,[7] a motion for interlocutory appeal on September 14, 2022,[8] and a third amended complaint on November 28, 2022.[9]

---

for the reasons discussed below. However, the Court notes that each complaint Plaintiffs filed is essentially the same.

[2]   *Id.* at 15.

[3]   *Id.* at 39.

[4]   *Id.* at 9.

[5]   ECF 1, at 1–4.

[6]   ECF 2.

[7]   ECF 3.

[8]   ECF 5

[9]   ECF 11.

It is difficult to ascertain exactly what relief Plaintiffs seek, but they appear to request: (1) the establishment of maritime rights and powers for Brown's estate; (2) the restoration of all assets Plaintiffs are entitled to claim; (3) a declaratory judgment naming Brown a "Moor" and not a citizen of the United States; (4) the right to claim 999,999 acres of American land at Plaintiffs' choosing; and (5) an exemption from taxation.[10] These requests persist in each pleading Plaintiffs filed. Crucially, Plaintiffs refused to pay the filing fee and Brown (who is appearing *pro se*) refused to fill out an application to proceed *in forma pauperis* (IFP).[11] And, on December 22, 2022, the Eleventh Circuit dismissed Plaintiffs' premature appeal for these reasons.[12] The case is now ripe for frivolity review.

## II.   Discussion

The Court recognizes Brown is appearing *pro se*. Thus, it must construe the complaint leniently, and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even a *pro se* plaintiff must comply with the applicable law and the Court's rules. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) ("[O]nce a *pro se* litigant is in court, he

---

[10]   *See generally* ECF 11.

[11]   ECF 1; *see also* D.E. 8/2/22.

[12]   ECF 12.

is subject to the relevant law and rules of court, including the Federal Rules of Civil

Procedure"). Plaintiffs' case implicates at least three such rules.

### A.      Plaintiffs Failed to Pay the Requisite Filing Fee for Civil Actions.

A party instituting a civil action must pay a $402 filing fee to initiate it. 28

U.S.C. § 1914(a); LR 41.3(A), NDGa ("Advance payment of fees is required before

the clerk will file any civil action, suit, or proceeding."). An individual may

commence a suit without paying the requisite filing fee if he or she qualifies to

proceed IFP. 28 U.S.C. § 1915. To qualify for IFP status, a plaintiff must submit an

affidavit including a statement of all assets possessed and attest that he or she is

unable to pay the requisite filing fee or give security therefor. *Id.*

Plaintiffs did not pay the requisite filing fee charged to all non-IFP parties

appearing before this Court in a civil matter, whether they are proceeding *pro se*

or represented by counsel. Only natural persons are entitled to proceed IFP,

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993),

but Brown refused to file an application to so proceed.

A court may dismiss a *pro se* plaintiff's complaint if he or she does not pay

the filing fee or proceed IFP. *Fuller v. Terry*, 381 F. App'x 907 (11th Cir. 2010);

*Shivers v. United States*, 427 F. App'x 697, 700 (11th Cir. 2011) (reaffirming district

court's conclusion that a *pro se* plaintiff who does not have IFP status must pay the

filing fee or have their case dismissed). Therefore, the Court need not consider this case whatsoever. L.R. 41.3(A), NDGa; *Castro v. Dir., F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011) (affirming dismissal for failing to pay filing fee in civil action); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (discussing the Court's authority to dismiss an action for failure to follow the orders and rules of the Court).

**B.     The Trust Cannot Represent Itself, Nor Can Brown Represent It.**

An entity can *only* appear through legal counsel and cannot appear *pro se* or be represented by a *pro se* party. Because a trust can act only through agents, it cannot proceed *pro se*, and therefore, must be represented by counsel. *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020). *See also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."); LR 83.1(E)(2)(b)(I), NDGa ("[A] corporation may only be represented in Court by an attorney . . . ."). Here, it appears Brown is trying to represent KB RA-EL EXPRESS TRUST, or that KB RA-EL EXPRESS TRUST is trying to proceed *pro se*. Neither is allowed.

### C.     Plaintiffs' Claims Are Frivolous.

To evaluate Plaintiffs' claims, the Court must first decide which of Plaintiffs' four pleadings controls. A party may amend its pleading once as a matter of right; after that, the party must obtain the opposing party's consent or the district court's leave. Fed. R. Civ. P. 15(a)(1)(B)–(2). "The court should freely give leave when justice so requires." *Id.* 15(a)(2).

Ordinarily, under these circumstances, Plaintiffs could not permissibly file a third or fourth complaint without the Court's approval. But, because Plaintiffs are proceeding *pro se* and the Court must construe their filings leniently, the Court treats Plaintiffs third and fourth complaints filed without leave as motions for leave to file an amended complaint. *Hawk v. Bank of Am., N.A.*, 2015 WL 11718111, at *1 (N.D. Ga. Feb. 25, 2015) ("Although Plaintiff does not request leave to file his Amended Complaint, the Court will construe the filing of the Amended Complaint as a motion for leave to file."). Accordingly, the third complaint and the motion for interlocutory appeal filed after it but before the fourth complaint are disregarded and denied as moot, and the fourth complaint is deemed operative.[13]

---

13     ECF 11.

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In such a case, a *sua sponte* dismissal by the Court is authorized under 28 U.S.C. § 1915(e)(2) prior to the issuance of process to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id. See also Ahumed v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-cv-2175-ODE-RGV, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011) ("[T]he purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally similar to the one created by the financial disincentives that help deter the filing of frivolous lawsuits by paying litigants."). Here, Plaintiffs' complaint is frivolous because it is an impermissible shotgun pleading and, by virtue of the sovereign citizen theory it promotes, lacks any arguable basis in law or fact.

        **1.**     **Plaintiffs' Complaint Is an Impermissible Shotgun Pleading.**

A shotgun pleading occurs when a plaintiff asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Johnson v. Belcher*, 564 F. Supp. 3d 1334, 1342 (N.D. Ga. 2021). Shotgun pleadings are unacceptable for many reasons, including that they result in unintelligible pleadings violating the basic specificity requirements of *Ashcroft v.*

*Iqbal,* 556 U.S. 662, 687 (2009), and Fed. R. Civ. P. 8(a)(2), which requires a pleading

contain a short and plain statement of the claim showing the pleader is entitled to

relief. *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356–58 (11th Cir. 2020).

Here, Plaintiffs fail to specify which defendants are responsible for the

wrongs alleged in the complaint. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792

F.3d 1313, 1321–23 (11th Cir. 2015). For example, Plaintiffs make the generic

allegation that their rights "have already been destroyed" by "[p]eople who are

bound by oath to be Persons Worthy of Trust."[14] Plaintiffs name several

Defendants, but do not pinpoint why or how those individuals are specifically

responsible for the alleged wrong. Thus, Plaintiffs' shotgun-style pleading is

impermissibly vague and fails to state a claim for which relief can be granted.

### 2. Plaintiffs' Sovereign Citizen Claims Lack an Arguable Basis in Law or Fact.

As noted above, Plaintiffs are attempting to proceed under a sovereign

citizen-type theory. Sovereign citizens "believe that they are not subject to

government authority and employ various tactics in an attempt to, among other

things, avoid paying taxes, extinguish debts, and derail criminal proceedings."

---

14   ECF 11, at 43.

*Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). From the facts Plaintiffs allege, they clearly meet this definition.

Courts routinely, summarily, and firmly reject sovereign citizen legal theories as "frivolous." *United States v. Sterling*, 738 F.3d 228, 233 (11th Cir. 2013) (citing *United States v. Benabe*, 654 F.3d 753, 761 (7th Cir. 2011) ("[Sovereign citizen] theories should be rejected summarily, however they are presented."). The Court has closely reviewed Plaintiffs' allegations and concludes they fail to state a claim. Dismissal of this action would be warranted based on its legal insufficiency and the frivolity inherent in all sovereign citizen legal theories even if Plaintiffs had paid the filing fee. For this reason, too, the Court exercises its discretion to dismiss the case.

## III.    Conclusion

This case is **DISMISSED**. Plaintiffs' motion for interlocutory appeal [ECF 5] is **DENIED as moot.** If the Trust seeks to proceed in this Court in the future, it must pay the requisite filing fee or the case will not be docketed. If Brown seeks to proceed in this Court, he must pay the filing fee or apply to proceed IFP. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 31st day of March, 2023.

Steven D. Grimberg
United States District Court Judge